NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON T. BROOKS, | No. 21-56125 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02290-GPC-KSC |
| v. | |
| TARSADIA HOTELS, a California corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted June 30, 2023[**]
San Francisco, California

Before: D.W. NELSON, SILVERMAN, and JOHNSTONE, Circuit Judges.

Jason T. Brooks, proceeding pro se, appeals the district court's orders

concerning the settlement of Brooks's action against Tarsadia Hotels and other

defendants. Brooks alleged violations of the Interstate Land Sales Full Disclosure

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act, 15 U.S.C. § 1703(a)(2)(A), (B), and (C), and California law arising from his purchase of a residential condominium unit in San Diego. Brooks challenges the district court's orders enforcing the oral settlement agreement and directing the settlement funds be deposited into Brooks's inmate trust fund account. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's enforcement of a settlement agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). We review de novo its interpretations of a settlement agreement, *ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1208 (9th Cir. 2015), and of state law, *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017). "[W]e defer to any factual findings made by the district court in interpreting the settlement agreement unless they are clearly erroneous." *ASARCO, LLC*, 792 F.3d at 1208 (quoting *City of Emeryville v. Robinson*, 621 F.3d 1251, 1261 (9th Cir. 2010)). We affirm.

The district court did not abuse its discretion by granting defendants' motion to enforce the settlement agreement. The district court properly found that the parties entered into an enforceable oral agreement in an early neutral evaluation before a magistrate judge, with the terms as the magistrate judge memorialized them. *See Doi*, 276 F.3d at 1137–38 (district court's enforcement power extends to oral agreements, "particularly when the terms are memorialized into the record," even if "a party has a change of heart [after agreeing] to [the settlement] terms but

2

before the terms are reduced to writing" (citations and internal quotation marks omitted)). The district court did not clearly err in finding that Brooks assented to the agreement and intended to be bound by it. *See Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1998) ("The district court's finding that [a party] assented to the settlement and intended to be bound by it must be affirmed unless it is clearly erroneous.").

The district court's order that the settlement funds be paid to Brooks for deposit into his inmate trust fund account, permitting the Colorado Department of Corrections to determine what percentage should go toward his criminal restitution order under state law, *see* Colo. Rev. Stat. § 16-18.5-106(2), is consistent with the terms of the parties' settlement agreement and Colorado law. *See* Colo. Rev. Stat. § 18-1.3-603(4)(a)(I), (4)(c) (Restitution Act, providing that an order of restitution is a "final civil judgment in favor of the state and any victim," which "remains in force until the restitution is paid in full" and "creates a lien by operation of law against the defendant's personal property and any interest that the defendant may have in any personal property"); *People v. Stone*, 471 P.3d 1159, 1162 (Colo. App. 2020) (provisions of the Restitution Act should be liberally construed). Moreover, the district court did not abuse its discretion when it refused to consider constitutional and other legal arguments that Brooks failed to raise in a timely manner. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890–91 (9th Cir.

2000) (no abuse of discretion in denying plaintiffs' motion for reconsideration where plaintiffs failed to raise legal issues previously).

The record does not support Brooks's contentions that the district court was biased against him, that it published settlement terms in violation of his privacy, resulting in harm to Brooks, or that Tarsadia Hotels failed to perform under the settlement agreement.

**AFFIRMED.**